JUDGE COTE

13 CV 3888

Romeo Salta (RS-2301)
Charles H. Knull (CHK-1741)
630 Ninth Avenue, Suite 405
New York, NY 10036
(917) 562-3347
Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ADAM SMITH, FRANK D'ANGELO, and
DAWN JASPER,

                              Plaintiffs,

                -against-

MIKKI MORE, LLC, VINCENT PACIFICO,
and DARIAN BRAUN,

                            Defendants.
--------------------------------------------------------X

Case No.

**COMPLAINT**

Jury Trial Requested

Plaintiffs, complaining of defendants, by their attorneys Romeo Salta, Esq. and Charles

Knull, Esq., respectfully allege as follows:

### JURISDICTION AND PARTIES

1. This is an action for infringement under the Copyright Act of 1976, Title 17, U.S.C. §§ 101 et

   seq., and for related supplemental claims as hereinafter more fully appears.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and venue is proper under

   28 U.S.C. § 1400(a). A substantial number of the claims asserted herein arose in this judicial

   district, and the defendants do business and can be found in this judicial district.

3. Plaintiff Adam Smith (hereinafter "Smith") is an individual residing in the County of Kings,

   City and State of New York, and he conducts business within this District.

4. Plaintiff Frank D'Angelo (hereinafter "D'Angelo") is an individual residing in Yonkers, Westchester County, State of New York, and he conducts business in the City of New York and in this District.

5. Plaintiff Dawn Jasper (hereinafter "Jasper") is an individual residing in the County, City, and State of New York, and she conduct business in this District.

6. Defendant MIKKI MORE, LLC (hereinafter "the LLC") is a limited liability company formed pursuant to the laws of the State of New York, and it is authorized to do business in the State of New York.

7. Defendant Vincent Pacifico (hereinafter "Pacifico"), upon information and belief, resides in the County of New York, State of New York, and he does business in Bronx County and New York County and in this District.

8. Defendant Darian Braun (hereinafter "Braun") is an individual residing in the County, City, and State of New York, and he conducts business in the City of New York and in this District.

## BACKGROUND

9. Plaintiffs are marketers and designers of products and related marketing materials for companies and persons desiring such products and services.

10. Plaintiffs Smith and D'Angelo created label and advertising materials known for a line of hair care products called the MIKKI MORE line.

11. Plaintiff Jasper created a website for the MIKKI MORE line.

12. From on or about May 31, 2011, through on or about January 2012, plaintiffs Smith and D'Angelo created product label designs, advertising copy, and advertisements (the MIKKI MORE LABEL MATERIALS).

13. During the latter half of 2011 through 2012, Plaintiff Jasper created a website to promote and market the MIKKI MORE line (the MIKKI MORE Website).

14. The MIKKI MORE Label Materials contains materials wholly original to Plaintiffs Smith and D'Angelo and is copyrightable subject matter under the laws of the United States. On April 3, 2013, Plaintiffs Smith and D'Angelo applied for registration of the copyright in the MIKKI MORE Label Materials in the United States Copyright Office, evidenced by application case number 1-91336707 on April 3, 2013, and this application should register in due course.

15. The MIKKI MORE Website contains material wholly original to Plaintiffs Jasper, Smith and D'Angelo, and it is copyrightable subject matter under the laws of the United States. On April 16, 2013, Plaintiff Jasper (with Smith and D'Angelo) applied for registration of the copyright in the MIKKI MORE Website in the United States Copyright Office, evidenced by application case number 1-921988403 and this application should register in due course.

16. In addition to his part in creating the above copyrighted works, Plaintiff D'Angelo provided various services. He organized and consulted on the formula, advertising, and marketing campaigns for the MIKKI MORE hair care product line. Specifically, Plaintiff D'Angelo negotiated with retail outlets to sell the MIKKI MORE hair care product line, oversaw and approved the packaging configuration of the MIKKI MORE hair care product line as well as its marketing and promotion campaign.

17. On or about November 17, 2011, Plaintiff D'Angelo and Defendant Braun agreed that, as payment for his services, Plaintiff D'Angelo was to receive twenty percent of the outstanding shares of Rock Care Corp., a New York corporation owned by Defendant Braun and the entity

that controlled the manufacture, promotion, marketing, and sale of the MIKKI MORE hair care product line.

18. On or about December 12, 2011, Defendant Braun gave Plaintiff D'Angelo a share certificate of Rock Care Corp. evidencing only a two percent interest in the entity rather than the agreed-upon twenty percent. Plaintiff D'Angelo repeatedly demanded from Defendant Braun his twenty percent share of Rock Care Corp., but Braun, though admitting on several occasions that the deal was for twenty percent, refused to transfer the promised shares to Plaintiff D'Angelo.

19. In July of 2012 Plaintiff D'Angelo sought the assistance of his long-time friend, the Defendant Pacifico. D'Angelo explained to Pacifico that the three Plaintiffs developed and created the unique packaging design, store displays, advertising and promotion campaigns, and website for the MIKKI MORE hair care product line and that he was promised twenty percent of the net proceeds of the MIKKI MORE venture. D'Angelo further explained that Defendant Braun refused to pay the plaintiffs for their services. Defendant Pacifico told Plaintiff D'Angelo that he would look into the matter and communicate with Defendant Braun in an effort to settle the dispute.

20. In August 2012, rather than helping Plaintiff D'Angelo negotiate a settlement with Defendant Braun, Defendant Pacifico made a deal with Defendant Braun, formed the defendant MIKKI MORE LLC, and acquired on behalf of the LLC all the rights to the MIKKI MORE hair care product line from Rock Care Corp., all the while knowing full well that he was using works created by the Plaintiffs for the promotion of his newly-acquired product and

that Plaintiff D'Angelo was promised twenty percent of the net profits of the venture that D'Angelo was instrumental in creating.

21.   On information and belief, Defendant Braun was compensated by Defendant Pacifico for the rights and interest in the MIKKI MORE hair care product line, no part of the said compensation being given to Plaintiff D'Angelo.

22.   On information and belief, Defendant Braun has an interest in the Defendant LLC.

## Count I

## INFRINGEMENT OF COPYRIGHT

### (Unauthorized Copying) (Labels and Advertising)

23.  Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "18" as if more fully set forth at length herein.

24.   Plaintiffs Smith and D'Angelo delivered to Defendants their copyright materials, the MIKKI MORE Label Materials during 2011 and 2012 under promise of payment for their use.

25.   Defendants never paid Smith and D'Angelo for this use.

26.   Defendants have made copies and derivative works from MIKKI MORE Label Materials without permission.

27.   Defendants have copied and made such derivative works for their own profit and advantage without Plaintiffs' permission, in violation of Plaintiffs' copyright.

28.   By reason of the above acts, Defendants have infringed Plaintiffs' copyright in the MIKKI MORE Label Materials.

## Count II

## INFRINGEMENT OF COPYRIGHT

### (Unauthorized copying of Website)

29. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "28" as if more fully set forth at length herein.

30. Plaintiff Jasper delivered to Defendants her copyright materials, the MIKKI MORE Website during 2011 and 2012 under promise of payment for its use.

31. Defendant have never paid Jasper for its use.

32. Defendant have made copies and derivative works from MIKKI MORE Website without permission.

33. Defendants have copied and made such derivative works for their own profit and advantage with Plaintiff's permission, in violation of Plaintiff's copyright.

34. By reason of the above acts, Defendants have infringed Plaintiff's copyright in the MIKKI MORE Label Materials.

## Count III

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (Liability of Officers and Employees)

35. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "34" as if more fully set forth at length herein.

36. Upon information and belief, beginning on or about January 2012, and throughout 2012, Defendants Braun and Pacifico, without Plaintiffs' permission or knowledge, authorized and assisted in copying of the MIKKI MORE Label Materials and MIKKI MORE Website and in

the making of derivative works based upon the MIKKI MORE Label Materials and MIKKI MORE Website for their own profit and advantage.

37.  By reason of the foregoing, Defendants Braun and Pacifico induced, participated, and aided and abetted in, and profited from, this copying of and the making of derivative works of the MIKKI MORE Label Materials and the MIKKI MORE Website.

38.  By reason of the foregoing copying, Defendants Pacifico and Braun copied or aided and assisted and participated in the copying and the making of derivative works from the MIKKI MORE Label Materials and the MIKKI MORE Website, without permission of Plaintiffs, which is an infringement of Plaintiffs' copyrights.

## Count IV

## BREACH OF CONTRACT

### (D'Angelo and Braun)

39.  Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "38" as if more fully set forth at length herein.

40.  Plaintiff D'Angelo and Defendant Braun entered into an agreement whereby, for services rendered in the promotion, marketing, advertising, and development of the MIKKI MORE hair care products line, D'Angelo was to receive twenty percent of the net profits of the venture.

41.  Plaintiff D'Angelo performed his part of the bargain, including the investing of several thousands of dollars to pay for expenses related to the MIKKI MORE venture.

42.   Defendant Braun reneged on his part of the bargain by refusing to give D'Angelo twenty percent of the net proceeds of the MIKKI MORE venture or any of the compensation he realized on the sale of the rights to the MIKKI MORE product line to the Defendant LLC.

43.   By reason of the foregoing, Defendant Braun breached his contract with Plaintiff D'Angelo, and D'Angelo has suffered damages, the amount of which is to be determined at trial, as a result.

**Count V**

**UNJUST ENRICHMENT**

**(D'Angelo Consulting Work)**

44.   Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "43" as if more fully set forth at length herein.

45.   In addition to the creation of the copyrighted works, Plaintiff D'Angelo contributed marketing strategies, product ideas, and other efforts to the launching of the MIKKI MORE line of hair care products.

46.   Plaintiff D'Angelo was never compensated for such efforts.

47.   Defendants knowingly and voluntarily accepted and retained a benefit.

48.   The circumstances present in this action render Defendants' retention of that benefit inequitable unless Defendants pay Plaintiff D'Angelo the value of the benefit received.

49.   Thus, Defendants have been unjustly enriched at the expense of Plaintiff D'Angelo, and D'Angelo is entitled to judgment in the amount of the remaining consultancy fee.

## Count VI

## QUANTUM MERUIT

50. Plaintiffs repeat and reiterate each and every allegation of paragraphs of the Complaint marked "1" through "49" as if more fully set forth at length herein.

51. Defendants received the benefit of Plaintiff D'Angelo's efforts, namely, the launching, marketing, and distribution of the MIKKI MORE hair care product line.

52. As a result of the Defendants' failure and refusal to pay Plaintiff D'Angelo's fees, the Defendants have been unjustly enriched.

53. Equity and justice require the Defendants to pay Plaintiff D'Angelo's consulting fee that he earned.

54. Plaintiff D'Angelo is without remedy absent this Honorable Court's intervention.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request:

A. That Defendants and their respective agents, servants, employees, officers, subsidiaries and affiliates, and all persons and organizations in active concert or participation with Defendants be enjoined, during the pendency of this action and permanently, from directly or indirectly using, or in any way making available to others, copies of the Plaintiffs' copyrighted material, or authorizing or permitting any such acts; or (b) infringing Plaintiffs' copyrighted material in any way.

B. That with respect to Claims I through III, the defendants be required to account for all gains, profits and advantages derived from each of their infringements of the copyright of

Plaintiffs; and to pay to Plaintiffs such damages as it has sustained in consequence of each of the defendants' infringements of the copyright, or such damages as to this Court shall appear proper within the provisions of the Copyright Law.

C. That Defendants be required to pay Plaintiffs' actual damages and any additional profits of the Defendants, or statutory damages in the amount of $150,000 for willful infringement, as provided in 17 U.S.C. §504(a).

D. That Defendants be required to deliver up on oath to be impounded during the pendency of this action, and for destruction, all copies of the Plaintiff's copyrighted materials used to perpetrate the infringing acts.

E. That Defendants be required to pay Plaintiffs' costs, expenses and reasonable attorney fees in connection with this action as provided in 17 U.S.C. §505.

F. That Plaintiff D'Angelo, as to Counts IV, V and VI receive the amount of $100,000 plus his costs, expenses, and reasonably attorneys fees.

G. That Plaintiffs be awarded interest, including pre-judgment interest, on the foregoing sums; and

H. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 6, 2013

Romeo Salta (RS - 2301)
Charles H. Knull (CHK - 1741)
Attorneys for plaintiffs
630 Ninth Avenue, Suite 405
New York, NY 10036
(917) 562-3347